**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **INTEGRITY WORLDWIDE, INC.,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:17-cv-0055 |
| **RAPID-EPS LTD., RAPID PROSAFE LLC, EDGE PROTECTION SOLUTIONS and RAPID EPS SOUTH,** | ) JURY DEMAND |
| Defendants. | ) |

## COMPLAINT

The Plaintiff, Integrity Worldwide, Inc., (hereinafter "Integrity Worldwide"), for its Complaint against the Defendants, Rapid-EPS Ltd., Rapid ProSafe LLC, Edge Protection Solutions, and Rapid EPS South ("Defendants"), alleges as follows:

### THE PARTIES

1.  Plaintiff Integrity Worldwide is a Canadian corporation having its principal place of business at 3310 Mainway, Burlington, Ontario, L7M 1A7, Canada. Integrity Worldwide, *inter alia,* is a pioneer of innovative safety edge protection products used with buildings that are under construction. Established in 2002, Integrity Worldwide carries a full range of safety edge protection products, and continues to create innovative and practical solutions for every building.

2.  On information and belief, Defendant Rapid-EPS Ltd. is a limited liability company with a principal place of business at P.O. Box 38683, Charlotte, North Carolina 28278.

3. On information and belief, Defendant Rapid ProSafe LLC is a limited liability company with its principal place of business at 847 West 18th Street, Hialeah, Florida 33010.

4. On information and belief, Defendant Edge Protection Solutions is a company with its principal place of business at 101 Dexter Road, East Providence, Rhode Island 02914.

5. On information and belief, Defendant Rapid EPS South, LLC is a limited liability company with its principal place of business at 118 N. Kilgore St., Kilgore, Texas 75662.

6. Defendants make, use, sell and/or offer to sell construction safety support posts and fence assemblies that Defendants refer to as Rapid Post, depicted at www.rapideps.com/concrete-structure/.  On information and belief, Defendants do business on a regular basis in Texas and in this District, including making, using, selling, and/or offering for sale their safety support posts and fence assemblies in Texas and this District, including at building construction sites located at 2121 Woodall Rodgers Freeway, Dallas, Texas, 75201, at 1627 Payne St. (at the intersection of Payne St. and N. Houston St.), Dallas, Texas, 75209, and at 1900 N. Pearl St. (at the intersection of N. Pearl St. and Woodall Rodgers Fwy), Dallas Texas, 75201.  These assemblies infringe Integrity Worldwide's rights under the patents asserted herein.

**JURISDICTION AND VENUE**

7. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and particularly 35 U.S.C. §§ 271 and 281.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Personal jurisdiction over Defendants is proper in this Court.

8. Venue is proper in this District in accordance with 28 U.S.C. §§ 1391(b)-(c) and § 1400(b).

2

## INFRINGEMENT OF U.S. PATENT NO. 7,510,152

9. On March 31, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,510,152 ("the '152 patent") entitled "Guard Rail Safety System." Integrity Worldwide is the owner of the '152 patent, by virtue of assignment of all rights, title and interest to the '152 patent. A true and correct copy of the '152 patent is attached to this Complaint as Exhibit A.

10. Defendants manufacture, use, offer to sell, sell, and/or import support posts and safety fence assemblies, including but not limited to the Rapid Post, and/or engage in activities related to construction safety post assemblies that are covered by one or more claims of the '152 patent, including at least claims 1 and 3.

11. Defendants have been and still are infringing the '152 patent by making, using, offering to sell, selling, and/or importing support posts and safety fence assemblies, including, but not limited to the Rapid Post, and/or engaging in activities related to construction safety post assemblies that are covered by one or more claims of the '152 patent.

12. Defendants' acts of infringement have been without express or implied license by Integrity Worldwide, are in violation of Integrity Worldwide's rights, and will continue unless enjoined by this Court.

13. On information and belief, Defendants' acts of infringement have been willful. Defendants have continued their infringement with knowledge of the '152 patent and in willful disregard of the '152 patent and the rights created thereunder.

14. Integrity Worldwide has been and will continue to be irreparably harmed by Defendants' infringement of the '152 patent.

## INFRINGEMENT OF U.S. PATENT NO. 8,152,118

15. On April 10, 2012, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,152,118 ("the '118 patent") entitled "Locking and Lifting Mechanism for Safety Fence Support Post." Integrity Worldwide is the owner of the '118 patent, by virtue of assignment of all rights, title and interest to the '118 patent. A true and correct copy of the '118 patent is attached to this Complaint as Exhibit B.

16. Defendants manufacture, use, offer to sell, sell, and/or import support posts and safety fence assemblies, including but not limited to the Rapid Post, and/or engage in activities related to construction safety post assemblies that are covered by one or more claims of the '118 patent, including at least claims 1, 2, 3 and 6.

17. Defendants have been and still are infringing the '118 patent by making, using, offering to sell, selling, and/or importing support posts and safety fence assemblies, including, but not limited to the Rapid Post, and/or engaging in activities related to construction safety post assemblies that are covered by one or more claims of the '118 patent.

18. Defendants' acts of infringement have been without express or implied license by Integrity Worldwide, are in violation of Integrity Worldwide's rights, and will continue unless enjoined by this Court.

19. On information and belief, Defendants' acts of infringement have been willful. Defendant has continued its infringement with knowledge of the '118 patent and in willful disregard of the '118 patent and the rights created thereunder.

20. Integrity Worldwide has been and will continue to be irreparably harmed by Defendants' infringement of the '118 patent.

## JURY DEMAND

21. Integrity Worldwide demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Integrity Worldwide respectfully prays that:

A.      Pursuant to 35 U.S.C. §271, this Court enter judgment that Defendants have been and are currently infringing the '152 patent;

B.      Pursuant to 35 U.S.C. §271, this Court enter judgment that Defendants have been and are currently infringing the '118 patent;

C.      This Court Order that Defendants and each of their officers, agents, servants, employees, assigns and successors in interest, those persons in active concert of participation with it who receive notice of the injunction, and others acting on its behalf, be permanently enjoined from infringing the '152 patent, including through use of the infringing products as well as making, selling or offering for sale the infringing products or engaging in infringing activities;

D.      This Court Order that Defendants and each of their officers, agents, servants, employees, assigns and successors in interest, those persons in active concert of participation with it who receive notice of the injunction, and others acting on its behalf, be permanently enjoined from infringing the '118 patent, including through use of the infringing products as well as making, selling or offering for sale the infringing products or engaging in infringing activities;

E.      This Court Order that Defendants notify purchasers and users of the infringing products and activities that the products and activities infringe the '152 patent, and that Defendants recall all infringing products sold or otherwise distributed, and that the Defendants remove the infringing products from all locations where those products have been installed;

F.      This Court Order that Defendants notify purchasers and users of the infringing products and activities that the products and activities infringe the '118 patent, and that Defendants recall all infringing products sold or otherwise distributed, and that the Defendants remove the infringing products from all locations where those products have been installed;

G. Defendants be directed to provide an accounting to determine the damages suffered by Integrity Worldwide as a result of Defendants' infringing conduct, such damages including, but not limited to, Integrity Worldwide's lost profits on sales or offers for sale of the infringing products, and in no event less than a reasonable royalty;

H. Defendants be directed to pay Integrity Worldwide the amount of damages that Integrity Worldwide has sustained as a result of Defendants' acts of patent infringement, and that such damages be trebled under 35 U.S.C. §284 as a result of any willful infringement of Integrity Worldwide's '152 patent and/or '118 patent;

I. This be declared an exceptional case under 35 U.S.C. §285, and Integrity Worldwide be awarded its attorneys' fees;

J. Defendants be directed to pay Integrity Worldwide an award of pre-judgment interest, post-judgment interest, and costs of the suit; and

K. Integrity Worldwide be granted such other further relief as the Court may deem proper and just.

Respectfully submitted,

Dated: January 6, 2017          By:   /s/ *John M. Jackson*
                                    John M. Jackson
                                    *jjackson@jw.com*
                                    Texas State Bar No. 24002340
                                    JACKSON WALKER LLP
                                    2323 Ross Ave., Suite 600
                                    Dallas, Texas 75201
                                    Tel: (214) 953-6000
                                    Fax: (214) 953-6645

                                    Joseph J. Berghammer
                                    *jberghammer@bannerwitcoff.com*
                                    Scott A. Burow
                                    *sburow@bannerwitcoff.com*
                                    Michael J. Harris
                                    *mharris@bannerwitcoff.com*
                                    BANNER & WITCOFF, LTD.
                                    10 South Wacker Drive, Suite 3000
                                    Chicago, Illinois 60606
                                    Tel.: (312) 463-5000

                                    *Attorneys for Plaintiff*
                                    *Integrity Worldwide, Inc.*